1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

PAUL SANDERSON,

7                                Petitioner,

8        v.

9   STATE OF WASHINGTON,

10                              Respondent.

Case No. C19-5395 RBL-TLF

REPORT AND
RECOMMENDATION

Noted for **August 16, 2019**

11    Petitioner Paul Sanderson, who is proceeding *pro se*, filed a Petition for Writ of Habeas

12   Corpus pursuant to 28 U.S.C. § 2254. Dkt. 6. Petitioner challenges his 2018 conviction and

13   sentence for Assault of a Child in the Second Degree and Distribution of Controlled Substance to

14   a Person under 18. *Id*. The Court declined to serve his petition, because the Court concluded

15   upon review that the petition was subject to dismissal, due to a failure to exhaust state court

16   remedies. Dkt. 7.

17    The Court ordered petitioner show cause as to why his petition should not be dismissed

18   without prejudice. *Id*. On June 17, 2019, petitioner filed a motion requesting the court rule on his

19   petition, as well as requesting the court serve the petition and order the respondent to show

20   cause. The court has construed the motion as petitioner's response to the court's order to show

21   cause: within the motion, petitioner concedes that his claim is unexhausted, but he contends that

22   exhaustion of his state remedies is inappropriate, due to the constitutional nature of his claim.

23   Dkt. 10.

24
25

REPORT AND RECOMMENDATION - 1

Petitioner's response has neither addressed the exhaustion requirement nor shown that state remedies would be ineffective to protect his rights. Accordingly, the Court recommends that the unexhausted petition be dismissed without prejudice.

**DISCUSSION**

*I.    Exhaustion*

Before a federal writ of habeas corpus may issue, a state prisoner must exhaust all state judicial remedies by a full and fair presentation of any federal claims to the state courts. 28 U.S.C. § 2254(b)(1). In accordance with the principles of federalism, state courts have the statutory right to first adjudicate the constitutional claims raised by state prisoners, before a federal court may consider the case. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). After the highest state court has made its determination, a worthy habeas petitioner may then properly present his claims to the federal courts, if he can show that the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where a case remains under appeal, a habeas petition is premature. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) (petitioner seeking federal habeas relief must await the outcome of his state court appeal).

Petitioner has not filed an appeal, nor has he filed a personal restraint petition. Dkt. 6 at 3. The Court advised petitioner in its order that – on the face of the petition -- his habeas petition was unexhausted. Dkt. 7. Petitioner argues that because he alleges the state's own constitution to have violated the U.S. Constitution, this case is one of the extraordinary habeas cases that should avoid the exhaustion requirement of 28 U.S.C. § 2254. Dkt. 8 at 4. Citing a single Washington state case in support (*State v. Beck,* 56 Wn.2d 474 (1960)), petitioner claims that his argument is commonly rejected for review by the state courts, and therefore, in the face of the futility of

presenting his claim for exhaustion, the district court should set aside the usual considerations of comity and hear his petition on the merits directly.

This argument fails, because petitioner's claims fall within the typical purview of the habeas statute in 28 U.S.C. § 2254. Merely alleging a constitutional violation has occurred does not constitute the extraordinary circumstances under which this court would decline to follow to strong rule of comity inherent to the exhaustion requirement of §2254. Furthermore, plaintiff cites to a case from 1960 that appears to have little relevance to his own claims (Beck outlined the rights of the accused, who undergo grand jury indictment, without addressing the issue of which criminal suspects should receive a grand jury indictment in Washington). *Beck*, 56 Wn.2d at 476-478. Petitioner has not shown that presenting his specific arguments to state courts for review would be a futile endeavor.

## II.    *Available remedies*

Under the applicable habeas statute, the Court may consider an unexhausted federal habeas petition only if it appears "there is an absence of available State corrective process… or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). If there is a state remedy available, the petition should be dismissed without prejudice and petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991).

Petitioner has a state remedy available in the filing of a personal restraint petition or other collateral attack on his judgment. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, petitioner's judgment and sentence became final when it was filed with the clerk of court on December 10, 2018. He may file a petition or motion for post-conviction relief with the court within one year from the date the appellate court issues its mandate disposing of his timely

direct appeal from the conviction, or from the date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. *See* RCW § 10.73.090(3)(b), (c). Thus, Petitioner still has time to file for post-conviction relief in state court.

Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority, presumably under the impression that the state would refuse to fairly adjudicate claims of unconstitutional action against itself. Dkt. 8 at 4-5. This bare suspicion, without any further allegations of impropriety, cannot show that state corrective processes are unavailable or ineffective. Accordingly, the court finds that petitioner has failed to properly exhaust his state remedies and that state remedies remain available to him. The court recommends the petition be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**CONCLUSION**

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **August 16, 2019**, as noted in the caption.

Dated this 29th day of July, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5